UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                            Case No. 19-53199

KIMBERLY COLLEEN HOSNER,                                          Chapter 13

        Debtor.                                              Judge Thomas J. Tucker
_____/

**ORDER DENYING FEE APPLICATION,
WITHOUT PREJUDICE, AS PREMATURE**

      This case is before the Court on a fee application filed by attorneys for the Debtor on July 2, 2020, in a document entitled "First Interim Application for Order Approving Compensation for Attorneys for Debtor" (Docket # 80). On July 21, 2020, the Chapter 13 Trustee filed an objection to the fee application, arguing, among other things, that the fee application "fails to demonstrate that the fees requested produced any benefit to the debtor, particularly in light of the current state of this case at the time counsel filed this Fee Application the case is still not confirmed." (Docket # 82 at ¶ 6). The Court scheduled a hearing on the fee application for August 20, 2020. Then on August 12, 2020, the Chapter 13 Trustee and the Debtor's attorneys then filed a stipulation agreeing to an order allowing the fee application in a reduced amount. (Docket # 86).

      The Court will deny the fee application, without prejudice as stated below, as premature. It is premature because no Chapter 13 plan has been confirmed yet, and the case has not been dismissed or converted. Instead, the case is currently scheduled for an adjourned confirmation hearing to be held on September 10, 2020.

      As this Court has held in a prior case, if this case is dismissed, before confirmation of a Chapter 13 plan, the Trustee will be able to pay, and in fact will be required to pay, from funds

on hand, any allowed attorney fees of the Debtor's attorney, rather than returning such funds to the Debtor. *See In re Fairnot*, 571 B.R. 767 (Bankr. E.D. Mich. 2017).

The fee application does not demonstrate good cause for the Court to allow fees for the Debtor's attorney at this time, when no Chapter 13 plan has been confirmed yet. *See generally* 11 U.S.C. § 1326(a)(2). Even if the Court granted a fee application now, the Chapter 13 Trustee could not disburse any money to the Debtor's counsel from funds on hand in payment of such fees at this time, under § 1326(a)(2).

Accordingly,

IT IS ORDERED that the fee application (Docket # 80) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of the Debtor's counsel to file a new fee application, after one of the following events has occurred in this case: (1) a plan has been confirmed; (2) the case has been converted to Chapter 7; or (3) the case has been dismissed.

**Signed: August 14, 2020**

/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**